LILLIE LONG ET AL., APPELLANTS, v. EMMA V. OSBORN, APPELLEE.

FILED MAY 9, 1930. No. 27230.

*Orville Chatt, J. A. Singhaus* and *Howell, Tunison & Joyner,* for appellants.

*W. M. Hopewell* and *A. N. Corbin, contra.*

Heard before GOSS, C. J., DEAN, GOOD, THOMPSON and DAY, JJ., and JAMES and WRIGHT, District Judges.

THOMPSON, J.

This is an action for specific performance of a claimed contract, evidenced by written communications, for the sale and purchase of real estate in Burt county, instituted by appellants, hereinafter called plaintiffs, against appel-

lee, hereinafter designated defendant. A general demurrer was interposed by defendant to the plaintiffs' second amended petition, which was sustained, and plaintiffs electing not to plead further, judgment of dismissal was entered. Plaintiffs appeal.

Thus, there is submitted for our determination: Did the second amended petition state facts sufficient to constitute a cause of action?

The record reflects the following material facts, among others: William Hayes died testate July 23, 1927, a resident of Burt county, Nebraska, at which time and prior thereto he was the owner of the south half of the northwest quarter of section 22, township 20, range 9, in such county. By his claimed last will and testament, in writing, he devised this land to defendant, one of his nieces, subject to a life estate therein of May L. Valentine. The will was offered for probate, and on August 17, 1927, plaintiffs herein, who were also nieces and nephews of testator, filed objections to the admission of the above purported will to probate, and as ground therefor interposed the challenge that Hayes was not of sufficient mental capacity to make a will. This question coming on to be heard on September 19, 1927, the objections were overruled, and the will admitted to probate. To reverse this judgment the contestants appealed to the district court, where the matter rested until on the 19th day of May, 1928, when such appeal was by them dismissed. This left the judgment of the county court in full force and effect. Due administration of the estate was had. Thus, ever after the entry of the original judgment in the county court, the defendant was the owner in fee of the lands in question (subject to the aforesaid life estate) and owned no other lands in this state. Between the time of the rendition of the judgment in the county court and the dismissal of the appeal in the district court, the defendant and the plaintiffs herein, being each and all desirous of making an amicable and final adjustment of the matters involved, entered into the negotiations reflected by the written communications hereinbefore referred to. To copy such communications (con-

sisting of letters, deeds, drafts, and a telegram) would serve no useful purpose. Hence, it is deemed sufficient to say that, after a careful examination of these communications, we conclude that they evidence a definite offer by defendant to sell the lands hereinbefore described to the plaintiffs, for the sum of $3,000, and a definite acceptance of such offer by them. On this acceptance the contract, as between the parties, became binding and enforceable. However, it is uged by the defendant that such communications show that thereafter, as her husband had strong opposition to a settlement, she decided to withdraw her offer and call the deal off, and had so notified the plaintiffs. As to this, it may be stated that such desired abandonment was neither accepted nor approved by the plaintiffs, and, as there was no consideration for the same, it was without force or effect.

It is our conclusion that the amended petition reflects a contract definite and certain in its terms, and that such contract was entered into with perfect fairness and with common intent; that such petition discloses a sufficient note or memorandum evidencing the contract, signed by the vendor, to satisfy the statute of frauds (Comp. St. 1922, sec. 2453), and shows compliance on the part of plaintiffs and refusal to comply on the part of defendant. Further, the different communications were each and all set forth in the petition, and were also properly connected with each other, and with the parties and the lands in suit, by necessary innuendoes and amplifications. The question here involved coming to us buttressed on a demurrer to the petition, fraud or misunderstanding does not enter therein, unless apparent in the petition itself, which we find it is not.

It follows that the amended petition contains facts sufficient to constitute a cause of action, and therefore the trial court erred in sustaining the demurrer and dismissing the suit.

The judgment is reversed and the cause remanded for further proceedings, with leave to the defendant to answer.

REVERSED.